(No. 1463—

HARRY D. McCREARY, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

BROWN, HAY AND STEPHENS, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant-Attorney General, for respondent

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant in this case files his declaration which is sworn to by him.

The Attorney General files his statement as follows:

"That the facts in this case are about as follows:

That on the 7th day of February, A. D. 1927, and for a long period of time prior thereto, claimant was an employee of the State of Illinois, and

that he was, as such employee assistant highway engineer of the Highway Department of said State; that as such assistant highway engineer, it was his duty to supervise the clearing of the right of way of the completed sections of the hard surfaced roads of said State; that on said date, in line with said duties, he was directed by his superior to go to the city of Virginia, Cass County, Illinois, to supervise the clearing of the right of way of what is known as Section 5 of Route 3 of the system of hard surfaced highways in said State of Illinois, and that pursuant to such orders, he went to said city of Virginia and commenced his work there; that as such assistant highway engineer, he was furnished by said State of Illinois with an automobile to be used by him in going to and coming from his work; that on said date, he drove to said city of Virginia in said automobile so furnished by said State of Illinois; that upon the completion of said work in said city of Virginia, he started to return to the city of Springfield, Illinois, in said automobile, and that in returning to said city of Springfield, he drove upon and along Route 3 from the city of Virginia to the village of Alexander and from said village of Alexander, he proceeded in a northeasterly direction upon and along Route 10, which leads from said village of Alexander to said city of Springfield; that on said Route 10, approximately one mile west of the junction of Route 10 and 4 southwest of the city of Springfield, claimant was driving said automobile toward said city of Springfield at a rate of speed between thirty and thirty-five miles an hour; that as claimant approached a certain turn or curve on said Route 10, located as above described, an automobile coming upon and along said Route 10 from the east, made said curve and proceeded to the south along said Route 10 toward the claimant; that said automobile was driven at a high rate of speed and as it approached the claimant, it suddenly swerved and turned across the hard surfaced portion of said Route 10 immediately in front of the said automobile driven by claimant; that said automobile was driven by one of two Italians, one of whom was named Scalisia, the name of the other being unknown; that diligent efforts have been made to ascertain which of said parties were driving said automobile at the time of said accident but that it has been impossible to obtain said information; that said automobile was driven with such force and violence into and against the automobile driven by claimant as to force it off the hard surfaced portion of said Route 10 into the ditch upon the east side of said road and that as a result of said collision, the claimant was rendered unconscious and was severally bruised and injured; that as a result of said accident and collision, the claimant sustained an impacted fracture of the femur of the left leg; that following said collision and as a direct result thereof, the claimant was confined in St. John's Hospital in the city of Springfield, Illinois, from said date until the 30th day of April, 1927; that thereafter, until the 15th day of July, A. D. 1927, the claimant was confined to his home; that thereafter, until the first day of September, 1927, claimant was unable to do more than walk slowly about the neighborhood in which he lived, with the aid of crutches; that as a further result of said collision and injury the claimant was unable to take up his duties above described until the first day of September, 1927; that from the date of said collision until the present time, the claimant has been under the care of a physician and that the claimant still is forced by reason of said collision and injury to take medical

treatments for his said injury; that a portion of his expenses, including hospital expenses and doctor bills, have been paid by the State of Illinois, but that since said injury and accident and as a result thereof, the claimant has expended for medicine, treatments, dentist's expenses, additional expenses at said hospital and for various other necessaries the sum of $500.00, and that as a result of said injury, he will be compelled to expend further sums of money, the amount of such expenditure being unknown; that as a result of said collision and injury, the claimant's left leg is considerably shorter than the right one and that the claimant has sustained a serious permanent injury which will, during the remainder of his life, handicap him in the prosecution of the duties of his profession; that at the time of said collision and injury, the average weekly wage of the claimant was $48.67 that he also has two children at a tender age which, under the Workmen's Compensation Act, he would be entitled to an additional amount for them."

The Attorney General has computed the amount which would be due the claimant under the Workmen's Compensation Act and has found the amount to be $2,020.00. The Attorney General recommends that this amount be paid.

We, therefore, award the claimant the sum of $2,020.00.